UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>RAFAEL A. ESPINAL-CALDERON, )<br>)<br>Defendant ) | Criminal No. 2:18-cr-26-DBH-03 |
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>BRADLEY BRUNEAU, )<br>)<br>Defendant ) | Criminal No. 2:18-cr-26-DBH-07 |

**PROCEDURAL ORDER**

In these two cases, the defendants have moved to withdraw and then reenter their guilty pleas so that they will qualify for the new safety valve criteria established under the First Step Act. The government resists the motions and insists that the new criteria apply to them already, because they have not yet been sentenced. At presentence conferences, I had expressed skepticism about whether the new safety valve criteria of the First Step Act apply because the statute says they apply to defendants whose convictions are entered on or after December 21, 2018, whereas these defendants' guilty pleas were entered well before that date. The United States Sentencing Commission says that neither the statute nor the Guidelines Manual defines the term "conviction entered" and that "[c]ourts will have to interpret the meaning of 'conviction entered.'"[1]

---

[1] See United States Sentencing Commission, Office of Education & Sentencing Practice, ESP Insider Express Special Edition: First Step Act, available at
*(continued next page)*

Both defendants have now filed memoranda supporting their motions. (ECF No. 325 & 327.) The government has not yet filed responsive memoranda, but the Clerk's Office has informed me that the government's position is that the new criteria do apply, and I asked for conferences of counsel in the two cases to discuss how to proceed.

I have now read the government memorandum on this same issue in United States v. Tracy, No. 1:18-cr-81-JAW.[2] It appears that the issue in that case is ready for ruling. My two cases, on the other hand, will not be ready until sometime in March, and I will be out of the District for part of that month. I propose, therefore, to await Judge Woodcock's ruling on the issue, and I will probably follow his decision and reasoning as is generally the custom in this District where the district judges try to act consistently.

I therefore propose to cancel the scheduled conferences of counsel (now scheduled for Monday, February 25) and to await the outcome of Judge Woodcock's decision. If any counsel disagrees with that approach and wishes to proceed with the conference of counsel, they shall notify the Clerk's Office by noon on Friday, February 22, 2019.

**SO ORDERED.**

**DATED THIS 21ST DAY OF FEBRUARY, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 21, 2019).

[2] The document is ECF No. 33 on that docket.